IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE MANUEL RAMIREZ-RAMIREZ, | § | |
| ID # 29093-509, | § | |
| Movant, | § | |
| | § | No. 3:23-CV-1126-B-BK |
| v. | § | No. 3:21-CR-94-B(2) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Jose Manuel Ramirez-Ramirez (Ramirez-Ramirez) filed a *pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 17, 2023 (doc. 2). Based on the relevant filings and applicable law, Ramirez-Ramirez's motion is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

### I.  BACKGROUND

Ramirez-Ramirez challenges his federal conviction and sentence in Cause No. 3:21-CR-94-B(2). The respondent is the United States of America (Government).

**A.  Conviction and Sentencing**

After first being charged by complaint with a co-defendant, Ramirez-Ramirez was charged by indictment with one count of conspiracy to distribute a controlled substance. (*See* docs. 1, 21.)[1] He pled guilty to the single count of the indictment under a plea agreement. (*See* docs. 33, 41.)

For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR). (*See* doc. 48-1.) In calculating Ramirez-Ramirez's offense level, the PSR determined that he was a minor participant in the criminal activity under the sentencing

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:21-CR-94-B(2).

guidelines, warranting a two-level decrease to his offense level. (*See id.* at ¶ 30.) His total offense level, following the two-level mitigating role adjustment and other applicable adjustments, was 31. (*See id.* at ¶¶ 26-36.) Based on a total offense level of 31 and a criminal history category of I, his guideline imprisonment range was 108 to 135 months. (*See id.* at ¶ 70.)

The Government objected to the PSR's mitigating role adjustment and the guideline adjustments stemming therefrom, and the USPO accepted the objection in an addendum to the PSR. (*See* docs. 53, 55-1.) In the PSR addendum, the USPO determined that Ramirez-Ramirez was an average participant in the criminal activity; as a result, the two-level mitigating role adjustment was removed. (*See* doc. 55-1 at 1-2.) Because he was no longer subject to a mitigating role adjustment, his base offense level increased by four levels and two levels were added for importation of the methamphetamine involved in the offense, resulting in a new total offense level of 39. (*See id.* at ¶¶ 26, 28, 30, 36.) Based on a total offense level of 39 and a criminal history category of I, Ramirez-Ramirez's new guideline imprisonment range was 262 to 327 months. (*See id.* at ¶ 70.) Because the statutory maximum for the offense was 240 months, it became the guideline imprisonment range. (*See id.*)

The Court sentenced Ramirez-Ramirez to 240 months' imprisonment, to be followed by three years of supervised release. (*See* doc. 57 at 1-3; doc. 71 at 15.) On appeal, appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed on August 18, 2022. *See United States v. Ramirez-Ramirez*, No. 22-10035, 2022 WL 3544392 (5th Cir. 2022). Ramirez-Ramirez did not file a petition for a writ of certiorari with the Supreme Court.

**B.    Substantive Claims**

Ramirez-Ramirez's § 2255 motion alleges two grounds for relief based on the ineffective

2

assistance of counsel:

> (1) Counsel was ineffective by failing to object to the Government's PSR objections, and argue that Ramirez[-Ramirez] still minimally qualified for the -3 lever [sic] reduction for a mitigating role under USSG 3B1.2; and
>
> (2) Counsel was ineffective for failing to advise Ramirez[-Ramirez] to quickly plea and secure the fast-track deportation offense level reduction of 4 points.

(No. 3:23-CV-1126-B-BK, doc. 2 at 14, 17.) The Government filed a response on July 18, 2023. (*See id.*, doc. 5.) Ramirez-Ramirez did not file a reply.

## II.  SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In both of his grounds for relief, Ramirez-Ramirez contends that counsel rendered ineffective assistance. (*See* No. 3:23-CV-1126-B-BK, doc. 2 at 13-18.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668,

3

686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

**A.     Mitigating Role Adjustment**

In his first ground, Ramirez-Ramirez contends that "[c]ounsel should have objected to the Government's PSR objections, and argued that at least a -3 level reduction is warranted under USSG 3B1.2 as the text-messages provided by the Government demonstrate that Ramirez[-Ramirez] was

4

not an 'average participant.'" (No. 3:23-CV-1126-B-BK, doc. 2 at 14; *see also id.*, doc. 2 at 16.) According to Ramirez-Ramirez, counsel's failure to object resulted in an eight-level increase to his offense level, and had he objected, Ramirez-Ramirez would have "maintained his mitigating role," received no two-level importation enhancement, had an offense level of 34, and had a guideline imprisonment range of 151 to 188 months. (*Id.*, doc. 2 at 16-17.)

Section 3B1.2 of the United States Sentencing Guidelines provides for a four-level reduction to the offense level for a defendant who is a "minimal participant," a two-level reduction for a defendant who is a "minor participant," and a three-level reduction for a defendant falling between those two categories. U.S.S.G. § 3B1.2. This section applies only to a defendant who plays a part in committing the offense that makes him "substantially less culpable" than the average participant in the criminal activity. U.S.S.G. § 3B1.2, cmt. n.3(A); *see also United States v. Thomas*, 963 F.2d 63, 65 (5th Cir. 1992) ("Even if other codefendants were more culpable, that does not automatically qualify [the defendant] for either minor or minimal status. Each participant must be separately assessed."). A defendant is entitled to this reduction if he shows at sentencing by a preponderance of the evidence: "(1) the culpability of the average participant in the criminal activity; and (2) that [ ]he was substantially less culpable than that participant." *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted).

Here, the Government objected to the PSR's finding that Ramirez-Ramirez qualified as a minor participant in the underlying drug conspiracy and the resulting offense level reductions under the sentencing guidelines. (*See* doc. 53.) To show that he was not a minor participant, the Government analyzed a sample of text messages recovered from Ramirez-Ramirez's seized cell phone showing that he was actively involved in exchanges with his co-defendant ("Co-defendant"),

5

customers, and others about multiple aspects of the drug conspiracy, including the purchase of equipment used in drug distribution, the negotiation of drug prices and wiring of drug-related money to Mexico, and the delivery of drugs and payment for same. (*See id.* at 2-9.) The Government also recovered multiple photos of drugs and a firearm from the cell phone. (*See id.* at 9-14.) Based in part on its review of this evidence, the USPO determined that Movant was an average participant in the drug conspiracy. (*See* doc. 55-1 at 1-2.)

According to Ramirez-Ramirez, he was a minor or minimal participant in the underlying drug conspiracy because the text messages: (1) "proved that the scope and structure [of the conspiracy] Ramirez[-Ramirez] understood was limited only to what [Co-defendant] instructed/directed Ramirez[-Ramirez] to perform"; (2) "proved Ramirez[-Ramirez's] involvement in participation and planning was limited to the instructions/directions given by [Co-defendant]"; (3) "do not prove/demonstrate Ramirez[-Ramirez] had any discretion or exercise of influence over the exercise of decision-making authority[,] [o]nly that Ramirez[-Ramirez] did as instructed/directed"; (4) "demonstrate Ramirez[-Ramirez] assisted in price negotiation at [Co-defendant's] instruction/direction, on top of transporting [Co-defendant] to drug negotiations and transporting drugs at [Co-defendant's] instruction/direction"; and (5) "do not prove/demonstrate that Ramirez[-Ramirez] stood to gain any benefit more than being paid relatively small amounts of money for his tasks . . . [d]emonstrating that Ramirez-[Ramirez] stood minimal [sic] gain from his actions in the criminal activity/enterprise." (No. 3:23-CV-1126-B-BK, doc. 2 at 15-16.)

Ramirez-Ramirez has not provided any facts or evidence beyond conclusory statements and general refutations to show the culpability of the average participant in the conspiracy, much less that his culpability was substantially less than same. His conclusory allegations fail to satisfy his

6

burden under *Strickland* to show deficient performance by counsel. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Even assuming for purposes of this motion only that counsel was deficient for failing to object to the Government's objections to the PSR or the addendum's finding that Ramirez-Ramirez was an average participant in the offense, *Strickland* also requires a showing of resulting prejudice. In the sentencing context, this requires a showing that counsel's alleged deficiency created a reasonable probability that his sentence would have been less harsh. *See, e.g.*, *Glover v. United States*, 531 U.S. 198, 200 (2001). He fails to allege any facts or evidence beyond conclusory statements and speculation to show a reasonable probability that counsel would have been successful in obtaining a mitigating role adjustment and the guideline adjustments that would have followed. His conclusory allegations and speculation are insufficient to satisfy *Strickland*'s prejudice prong. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Ross*, 694 F.2d at 1011. Ramirez-Ramirez fails to satisfy both *Strickland* prongs, and this claim is denied.

**B.**     **Fast-Track Plea**

In his second ground, Ramirez-Ramirez asserts that "[u]nder the Fast-Track Deportation Program, a defendant who quickly pleas [sic] (typically within 20 days) qualifies for a 4-level offense level reduction." (No. 3:23-CV-1126-B-BK, doc. 2 at 17.) He contends that "[c]ounsel should have

7

advised Ramirez[-Ramirez] to quickly plea and advised Ramirez[-Ramirez] of the 4-point offense level reduction." (*Id.*) He argues that counsel's "performance fell below a reasonable standard because Defense Counsel should know that a -4 level reduction to an offense level, mixed/combined with any other reduction or by itself, is significantly advantageous to a defendant's eventual sentencing." (*Id.*) He alleges prejudice because he "had an offense level 4 levels higher than it should have been." (*Id.*)

The "'Fast-Track' program is an early disposition program for illegal reentry cases. Under this program, certain defendants charged with an illegal reentry offense who promptly plead guilty can be eligible for a downward sentencing departure." *Villalobos-Naranjo v. United States*, No. 3:13-CV-1471-D, 2014 WL 1318388, at *3 (N.D. Tex. Mar. 31, 2014); *see also Bucio-Martinez v. United States*, No. 3:17-cv-2882-D, 2018 WL 7117909, at *2 (N.D. Tex. Dec. 13, 2018) ("The Fast-Track program is applicable to certain persons convicted of illegal re-entry to the United States."). An eligible defendant "is not automatically entitled to the benefits of the program," however, and "[f]ast track disposition is generally commenced by an offer from the government to enter into a plea agreement." *United States v. Gomez-Herrera*, 523 F.3d 554, 561 (5th Cir. 2008). Whether an eligible defendant is offered a fast-track disposition is at the discretion of the prosecutor. *See id.*; *Curiel-Trevino v. United States*, No. 7:21-cv-00041, 2021 WL 11548961, at *6 (S.D. Tex. July 14, 2021) ("Whether a fast track program is offered to a defendant is left entirely to the prosecutor's discretion."). Under the sentencing guidelines, "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1.

8

Here, Ramirez-Ramirez was not convicted of an illegal entry or reentry offense; he was convicted of conspiracy to distribute a controlled substance. (*See* docs. 21, 57.) He therefore fails to provide any facts or evidence identifying any applicable fast-track program for which he was eligible. Even if he had identified any such fast-track program, he does not allege or provide any facts or evidence showing that the Government would have agreed to offer Ramirez-Ramirez a fast-track disposition and would have filed a § 5K3.1 motion for a 4-level downward departure, or that the Court would have approved or granted same. His conclusory allegations of prejudice are insufficient to show a reasonable probability that his sentence would have been less harsh but for counsel's alleged deficiency. *See Miller*, 200 F.3d at 282. Because his allegations fail to demonstrate *Strickland* prejudice, the performance prong need not be addressed. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). Ramirez-Ramirez has failed to satisfy his burden under *Strickland*, and this claim is denied.

## IV.  EVIDENTIARY HEARING

To the extent Ramirez-Ramirez requests an evidentiary hearing on his claims, an evidentiary hearing under § 2255 is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Ramirez-Ramirez has failed to present independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## V.  CONCLUSION

For the foregoing reasons, Ramirez-Ramirez's *pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 17, 2023 (doc. 2), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 28th day of March, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE